**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

NESLY CHARLOT,
Petitioner,
v.
MARKWAYNE MULLIN, et al,
Respondents.

Case No.: 26-cv-5812-BJC-GC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

On October 12, 2026, Petitioner Nesly Charlot, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. section 2241. ECF No. 1. Petitioner is a citizen of Haiti who entered the United States on May 6, 2023. Petitioner was previously released from immigration custody on parole issued under 8 U.S.C. § 1182(d)(5). Petitioner has applied for asylum and has been issued a work authorization document. Petitioner has been legally employed and has filed his taxes. He has a driver's license and has no criminal history. On June 28, 2026, Petitioner was re-detained by Respondents in Rochester, New York as he drove to work.

No pre-deprivation hearing was held prior to his re-detention, and he has not been given a bond hearing. Petitioner was recently transferred to Imperial Regional Detention

Facility, in El Centro, California, where he remains detained. Petitioner requests that the Court assume jurisdiction over the matter, grant the petition, and order Petitioner's immediate release from custody, or in the alternative, order an adequate bond hearing.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II. DISCUSSION

Petitioner argues that his detention violates the Due Process Clause of the Fifth Amendment. In response, Respondents state that Petitioner is subject to mandatory detention under section 1225(b)(2), but they acknowledge that "this Court's prior decisions will control the result here if the Court adheres to its prior decisions" and therefore, the "government does not oppose the petition and defers to the Court on the appropriate relief.[1] ECF No. 5 at 2-3.

Here, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole. See § 241.4(l)(1); § 241.13(i)(3)("[u]pon revocation," a noncitizen "will be notified of the reasons for revocation of his or her release or parole" and will be given "an initial informal interview promptly" to "respond to the reasons for revocation stated in the

---

[1] Respondents argue that the Court does not need to address Petitioner's Due Process arguments because the Court could order a bond hearing, which is another ground upon which to dispose of the case that does not require a constitutional analysis, citing *Nw. Austin Mun. Util. Dist. No. One v. Holder*, 557 U.S. 193, 205 (2009)("normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case.") The Court finds that a Due Process analysis is necessary in this case.

notification." *McSweeney v. Warden,* No. 25-CV-2488-RBN-DEB, 2025 WL 2998376, at *5 (S.D. Cal. Oct. 24, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. Accordingly, the Court finds Petitioner's revocation of release and detention violates his Due Process rights.

## III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: October 22, 2026



Honorable Benjamin J. Cheeks
United States District Judge